**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAMSIDDIN ABDUR-RAHEEM,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE ATTORNEY GENERAL, et al.,<br><br>Defendants. | Civil Action No. 20-20355 (MAS) (DEA)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Shamsiddin Abdur-Raheem's civil complaint. (ECF No. 1.) As Plaintiff has previously been granted *in forma pauperis* status in this matter (*see* ECF No. 2), this Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint shall be dismissed in its entirety.

**I.   BACKGROUND**

Plaintiff is a convicted state prisoner currently incarcerated in New Jersey State Prison. (ECF No. 1 at 2.) In his Complaint, he argues that New Jersey Court Rule 1:7-1(b), which provides that in New Jersey state criminal trials the defendant is required to give his closing argument first, and the state to give its argument last, amounts to an unconstitutional violation of a criminal defendant's rights to counsel and to Due Process as it prevents the defendant from having an opportunity to rebut or answer the arguments of the prosecution. (*Id.* at 2-8.) He seeks to bring

this claim against the state attorney general, the chief justice of the New Jersey Supreme Court, the administrative director of the New Jersey court system, and various John Doe Defendants who may have been involved in the adoption of the rule. (*Id.*)

## II. LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting

*Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

In his complaint, Plaintiff argues that the requirement under the New Jersey Court Rules that criminal defendants give their summation before the prosecution and are not provided an opportunity to rebut the prosecution in the ordinary course of a criminal trial violates the rights of criminal defendants to Due Process and the full assistance of counsel in answering the prosecution's case. While it is a binding principle of federal constitutional law that the right to counsel and the right to Due Process require that criminal defendants be given the right to present a closing argument if they so choose, that right is not "uncontrolled or even unrestrained." *Herring v. New York*, 422 U.S. 853, 862 (1975). Criminal Courts are free to place reasonable limitations on closing arguments to ensure the "fair and orderly conduct of [a] trial." *Id.* Those courts to have addressed arguments such as the one Petitioner makes here have held that permitting the prosecution, which bears the burden of proof beyond a reasonable doubt and is therefore on unequal footing with the criminal defendant who need prove nothing in the ordinary case, to have the final say at trial falls well within the bound of reasonable limitations on closing arguments so long as the defendant is provided an opportunity to present a closing argument. *See, e.g., People v. Cory*, 204 Cal. Rptr. 117, 123-24 (Ct. App. 1984) (the "unequal burden of proof imposed upon

the prosecution refutes [the argument that] due process requires exact equality among the procedural rights" of the state and defense, due process does not require defendant receive final say during summations); *Preston v. State*, 260 So. 2d 501, 504-05 (Fl. 1972) (finding that although permitting the prosecution to have the final say during summations may be a procedural advantage, that advantage does not violate due process in light of the burden placed on the prosecution); *United States ex rel. Parsons v. Adams*, 336 F. Supp. 340, 344-45 (D. Conn.) (that prosecution had final word during summations "could not . . . ever amount to so severe a disadvantage as to amount to a lack of fundamental fairness"), *aff'd*, 456 F.2d 257 (2d Cir. 1971), *cert. denied*, 405 U.S. 1070 (1972); *see also United States v. Smith*, 962 F.3d 755, 770-72 (4th Cir. 2020) (although permitting prosecution to "sandbag" defense by waiving its initial summation and have the unfettered last word through its rebuttal summation which contained new arguments not raised by the defense was improper under Fed. R. Crim. P. 29.1, that error was not structural and did not warrant reversal of a conviction absent a clear showing of prejudice); *United States v. Jackson*, 852 F.3d 764, 775-76 (8th Cir. 2017) (that the Government has the final say in summations in criminal cases does not amount to a constitutional violation, even where defendant raises an affirmative defense on which he bears a burden of proof).

What these cases and the long- standing practice across the United States of the prosecution having the final word during summations, either in the form of a final rebuttal or simply closing last, clearly indicate is that there is no clear constitutional right for a criminal defendant to have the final say during his trial. As the right to a closing argument is not unfettered, and the prosecution is at a clear procedural disadvantage insomuch as it bears the burden of proof beyond a reasonable doubt at a criminal trial, the constitution is not impugned by permitting the prosecution to give its summation last so long as the defendant was given an opportunity to make his own closing argument. *Herring*, 422 U.S. at 862. Plaintiff's contention that the New Jersey

Court Rules are unconstitutional merely because they do not permit a criminal defendant to have the final say is therefore without merit, and his complaint must be dismissed as such.[1]

IV. **CONCLUSION**

For the reasons expressed above, Plaintiff's § 1983 claim against the New Jersey Parole Board is dismissed with prejudice, and Plaintiff's false arrest claim against Defendant Leak is dismissed without prejudice. An order consistent with this Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] While this Court is satisfied that Plaintiff's constitutional challenge to N.J. Court R. 1:7-1(b) is without merit and can be dismissed as such, the Court notes that a civil rights matter such as this is not the proper federal mechanism for challenging the constitutionality of criminal procedure. Such claims generally must be brought via a habeas petition challenging the petitioner's own conviction and sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (§ 1983 may not be used to challenge "the fact or duration of [criminal] confinement"); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) ("a . . . prisoner's [civil rights] action is barred (absent prior invalidation [of his period of detention]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration").