## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SHAMSIDDIN ABDUR-RAHEEM,

Plaintiff,

v.

OFFICE OF THE ATTORNEY GENERAL, *et al.*,

Defendants.

Civil Action No. 20-20355 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff's motion for reconsideration (ECF No. 6), and Plaintiff's motion to have his reconsideration request treated as timely filed (ECF No. 7). The Court finds that Plaintiff's reconsideration motion is timely to the extent it arises under Federal Rule of Civil Procedure 59(e) insomuch as it challenges the dismissal of his complaint, and that Plaintiff has shown good cause to extend his time to file to the extent it arises under Local Civil Rule 7.1(i). The Court, therefore, grants Plaintiff's motion to have his request treated as timely.

By way of background, Plaintiff filed his complaint in December 2020. (ECF No. 1.) In his complaint, Plaintiff seeks to challenge the New Jersey procedural rule which permits the State to have the final say in closing arguments – specifically, a rule which requires criminal defendants to present the initial closing argument, and which permits the State to close last without providing defendants a chance to respond. (*Id.*) On November 3, 2021, this Court dismissed Plaintiff's complaint without prejudice, finding that the New Jersey rule comported with the Due Process Clause. (*See* ECF No. 2 at 3-5.) As this Court explained,

> While it is a binding principle of federal constitutional law that the right to counsel and the right to Due Process require that criminal defendants be given the right to present a closing argument if they so choose, that right is not "uncontrolled or even unrestrained."

*Herring v. New York*, 422 U.S. 853, 862 (1975). Criminal Courts are free to place reasonable limitations on closing arguments to ensure the "fair and orderly conduct of [a] trial." *Id.* Those courts to have addressed arguments such as the one [Plaintiff] makes here have held that permitting the prosecution, which bears the burden of proof beyond a reasonable doubt and is therefore on unequal footing with the criminal defendant who need prove nothing in the ordinary case, to have the final say at trial falls well within the bound of reasonable limitations on closing arguments so long as the defendant is provided an opportunity to present a closing argument. *See, e.g.*, *People v. Cory*, 204 Cal. Rptr. 117, 123-24 (Ct. App. 1984) (the "unequal burden of proof imposed upon the prosecution refutes [the argument that] due process requires exact equality among the procedural rights" of the state and defense, due process does not require defendant receive final say during summations); *Preston v. State*, 260 So. 2d 501, 504-05 (Fl. 1972) (finding that although permitting the prosecution to have the final say during summations may be a procedural advantage, that advantage does not violate due process in light of the burden placed on the prosecution); *United States ex rel. Parsons v. Adams*, 336 F. Supp. 340, 344-45 (D. Conn.) (that prosecution had final word during summations "could not . . . ever amount to so severe a disadvantage as to amount to a lack of fundamental fairness"), *aff'd*, 456 F.2d 257 (2d Cir. 1971), *cert. denied*, 405 U.S. 1070 (1972); *see also United States v. Smith*, 962 F.3d 755, 770-72 (4th Cir. 2020) (although permitting prosecution to "sandbag" defense by waiving its initial summation and have the unfettered last word through its rebuttal summation which contained new arguments not raised by the defense was improper under Fed. R. Crim. P. 29.1, that error was not structural and did not warrant reversal of a conviction absent a clear showing of prejudice); *United States v. Jackson*, 852 F.3d 764, 775-76 (8th Cir. 2017) (that the Government has the final say in summations in criminal cases does not amount to a constitutional violation, even where defendant raises an affirmative defense on which he bears a burden of proof).

What these cases and the long-standing practice across the United States of the prosecution having the final word during summations, either in the form of a final rebuttal or simply closing last, clearly indicate is that there is no clear constitutional right for a criminal defendant to have the final say during his trial. As the right to a closing argument is not unfettered, and the prosecution is at a clear procedural disadvantage insomuch as it bears the burden of proof beyond a reasonable doubt at a criminal trial, the constitution is not impugned by permitting the prosecution to give its summation last so long as the defendant was given an opportunity to make his own closing argument. *Herring*, 422 U.S. at 862. Plaintiff's contention

that the New Jersey Court Rules are unconstitutional merely because they do not permit a criminal defendant to have the final say is therefore without merit, and his complaint must be dismissed as such.

(ECF No. 2 at 3-5.)  This Court also noted that to the extent Plaintiff sought to challenge his own conviction by arguing the order of summations violated his rights to Due Process, such a claim would be barred in a civil rights action until such time as Plaintiff had his conviction overturned. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (§ 1983 may not be used to challenge "the fact or duration of [criminal] confinement"); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) ("a . . . prisoner's [civil rights] action is barred (absent prior invalidation [of his period of detention]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration").

In his reconsideration motion, Plaintiff presents three arguments.  First, he argues that his claim should not be barred as he does not seek to challenge his own conviction, and merely wishes to present a facial challenge to the New Jersey Court rule on summation order.  Next, Plaintiff argues that he did not seek to raise certain claims which were mistakenly mentioned in the conclusion section of the opinion.  Finally, Plaintiff argues that his claim should be permitted to proceed because at least some of the cases this Court cited refer to systems that permit rebuttal summations, rather than a single summation from each side, and those cases do not apply to his claims.  The Court will address each in turn.

Whether brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or Local Civil Rule 7.1(i), the scope of a motion for reconsideration is extremely limited, and courts will grant such motions only sparingly.  *Delanoy v. Twp. of Ocean*, No. 13-1555, 2015 WL 2235103,

at *2 (D.N.J. May 12, 2015) (as to Local Civil Rule 7.1(i)); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (as to Rule 59(e)). An order of the Court may be altered or amended pursuant to such a motion only where the moving party establishes one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Delanoy*, 2015 WL 2235103, at *2 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Blystone*, 664 F.3d at 415 (applying same standard to Rule 59(e) motions). In the reconsideration context, manifest injustice will generally arise only where "the Court overlooked some dispositive factual or legal matter that was presented to it," or committed a "direct, obvious, and observable" error. *See Brown v. Zickefoose*, No. 11-3330, 2011 WL 5007829, at *2 n.3 (D.N.J. Oct. 18, 2011). Reconsideration motions may not be used to relitigate old matters or to raise arguments or present evidence or allegations that could have been raised prior to entry of the original order, and courts should only grant such a motion where its prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Delanoy*, 2015 WL 2235106, at *2.

In his first argument, Plaintiff contends that his suit should not be barred by *Preiser* or *Wilkinson* because he does not seek to challenge his own conviction or any conviction in particular, and wishes only to challenge the New Jersey Court Rule itself. This argument, however, misses the point the Supreme Court made in *Wilkinson*. It does not matter whether Plaintiff *actually* seeks to overturn his own conviction. Plaintiff's claim is barred in a civil rights proceeding *regardless* of the relief he seeks so long as success on his claim would imply the invalidity of his conviction. Plaintiff's claim is that the current court rule, which applied to his own conviction, is a violation of Due Process. If he were correct, and succeeded in convincing the Court of that argument, his victory would directly imply that his own conviction, and any other secured under that court rule's

4

auspices, was invalid. This is sufficient to bar his claim.[1] *Wilkinson*, 544 U.S. at 78-82. Plaintiff's first argument thus provides no basis for reconsideration.

In his second argument, Plaintiff notes that the conclusion section of the Court's opinion briefly made mention of claims not raised in his complaint or discussed elsewhere in the Court's opinion or order. That brief mention, however, is a typographical error that did not affect the Court's overall opinion and was not repeated in the Court's analysis or in the Court's order. Plaintiff's complaint was dismissed because there is no Due Process issue and his claim is in any event barred. This second argument, while correctly identifying a copy error in the opinion, serves as no valid basis for reconsideration.

In his final argument, Plaintiff contends that because the Court referenced cases involving a rebuttal summation system, those cases do not support the dismissal of his claims. In making this argument, Plaintiff misses the point for which this Court cited those cases – they were cited not to show that the system in place in other jurisdictions is exactly the same as the system in New Jersey, but rather to show that there is no Due Process violation in a criminal law system which permits the prosecuting authority to have the last word in summation, whether directly or in the form of a rebuttal, given the placement of the burden of proof on the prosecuting authority. *Herring*, 422 U.S. at 862. As the constitution permits such a system of summations in a criminal proceeding, Plaintiff's complaint fails to state a valid basis for relief. Plaintiff's final argument, therefore, provides no valid basis for reconsideration. As all of Plaintiff's arguments fail to set forth any basis for reconsideration, Plaintiff's motion for reconsideration is denied.

---

[1] The Court further notes that a claim under § 1983 requires that a plaintiff allege that state actors violated *his* constitutional rights. *See, e.g., Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). If Plaintiff were correct in his motion that he is not actually seeking redress for a violation of *his* rights, but was merely seeking to challenge a rule with which he disagrees, that very argument would call into question his standing to bring suit in this matter.

**IT IS THEREFORE** on this 20th day of July, 2022, **ORDERED** that:

1. The Clerk of the Court shall re-open this matter for the purposes of this Memorandum Order only,

2. Plaintiff's motion seeking to have his reconsideration motion treated as timely (ECF No. 7) is **GRANTED**,

3. Plaintiff's motion for reconsideration (ECF No. 6) is **DENIED**, and

4. The Clerk of the Court shall serve a copy of this Memorandum Order upon Plaintiff by regular mail and shall **CLOSE** the file.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE